# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-20087
Summary Calendar

CHARLES HENRY BEAN, ET AL.,

Plaintiffs,

MARVIN GRAY; CAMILO CARMONA RAMOS;
LEE V. VAUGHN; CYNTHIA WOODROFFE,

Plaintiffs-Appellants,

versus

THE GOODYEAR TIRE AND RUBBER COMPANY;
LARRY SCARBOROUGH; ROBERT TYER; DEAN
COOK,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-773)

April 1, 1999

Before POLITZ, JOLLY, and DUHÉ, Circuit Judges.

POLITZ, Circuit Judge:[*]

This appeal challenges the district court's award of attorney's fees and costs

in this action brought under the Texas Commission on Human Rights Act

(TCHRA). For the reasons assigned, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Marvin Gray, Camilo Carmona Ramos, Lee V. Vaughn, Cynthia Woodroofe, and six co-workers filed an action against Goodyear Tire & Rubber Company and three employment superiors in Texas state court, claiming discrimination under the TCHRA, and advancing claims for negligent supervision, defamation, and intentional infliction of emotional distress. Goodyear removed the case to the court *à quo* and after it filed a notice entitled "Report to Court: Case-Dispositive Matters Regarding Liability and Damages," the court ordered the parties to attempt to resolve their disputes through mediation. As a result, six of the plaintiffs settled their claims; appellants pressed on.

In ensuing months, Goodyear repeatedly advised appellants that pursuit of groundless claims could subject them to liability for attorney's fees and costs. Goodyear cautioned appellants, and informed the court, that the discrimination claims were sufficiently frivolous to warrant the award of same.

Goodyear was granted summary judgment on the discrimination claims. Some were time-barred, others had not been the subject of administrative remedies, and, overall, appellants offered no evidence that any employment decision had been motivated improperly. The claims against the individual defendants and the common law claims against Goodyear were abandoned. The trial court found the complaints to be a list of mere grievances, not indicative of discrimination, but more reflective of an annoyance list that might be compiled by any group of employees who had worked for the same employer for many years.

2

The court invited Goodyear to file for attorney's fees and costs. Ultimately the court issued and reaffirmed an order directing each appellant to pay $4,160.90 in costs and $24,243.70 in attorney's fees. The total award was approximately 70% of the amount sought by Goodyear. Appellants timely appealed.

## ANALYSIS

We review challenges to awards of attorney's fees and costs for abuse of discretion.[1] The TCHRA provides that a court may award reasonable attorney's fees and costs to the prevailing party in a proceeding under the Act.[2] The parties agree that, because the language of the TCHRA mirrors the language of Title VII,[3] precedent interpreting Title VII guides our decision.[4] Accordingly, the district court may award reasonable attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, or that the plaintiff continued to litigate after such clearly became known.[5]

---

[1] **Christiansburg Garment Co. v. E.E.O.C.**, 434 U.S. 412 (1978); **Pope v. MCI Telecommunications Corp.**, 937 F.2d 258 (5th Cir. 1991).

[2] TEX. LABOR CODE ANN. § 21.259(a).

[3] *Compare* TEX. LABOR CODE ANN. § 21.259(a) ("In a proceeding under this chapter, a court may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.") *with* 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . .").

[4] **Schroeder v. Texas Iron Works, Inc.**, 813 S.W.2d 483 (Tex. 1991); *see also* **Pope**, 937 F.2d at 267.

[5] **Christiansburg Garment Co.**, 434 U.S. at 421-22 (cautioning against post hoc reasoning).

Appellants contend that the district court abused its discretion, noting that prior to the filing of their complaint the Department of Labor Office of Federal Contract Compliance Program determined that Goodyear's hiring and promotion practices disparately impacted minorities. Appellants also seek support in the fact that Goodyear settled the claims of six of the original ten plaintiffs.

Although appellants' claims may not have been frivolous, unreasonable, or without foundation when filed, we are not prepared to say that the district court abused its discretion. Fees may be awarded when a plaintiff pursues a claim, even one that initially appears well-founded, after it becomes clear that the claim is frivolous, unreasonable, or without foundation.[6] The district court dismissed the claims advanced herein because they were time-barred or had not been administratively exhausted, and because appellants produced no evidence of discriminatory motivation. In that setting an award of attorney's fees is not inappropriate.[7] That the Department of Labor may have determined that Goodyear's hiring and promotion practices disparately impacted minorities generally does not necessarily speak to appellants' specific claims. Nor do we make any findings or draw any conclusions from Goodyear's settlement with several of the original plaintiffs. We are fully cognizant that lawsuits may be and frequently are settled for reasons other than the strength of a plaintiff's claim.

---

[6] **Id.**

[7] **Pope**, 937 F.2d at 267 (finding no abuse of discretion by the district court in awarding attorney's fees to defendant because plaintiff "came to court with untimely claims" and "came with no evidence to support her charge").

From the record before us, we perceive no abuse of discretion in the awarding of attorney's fees herein.

Alternatively, appellants challenge as excessive the attorney's fees awarded. First, they contend that Goodyear should not be entitled to fees for work performed prior to its own assertion that their position was frivolous. They cite no precedent in support of that contention and we are aware of none. We note, however, that the trial court did not grant all of the requested fees.

Appellants next challenge the inclusion of fees for work performed by non-attorneys. An award of reasonable attorney's fees may include fees for legal services performed by non-attorneys if that is the prevailing practice in the community.[8] The record contains an affidavit by Goodyear's counsel that such is the prevailing practice in the relevant legal community.

Appellants contend that the fees awarded are excessive because they include time for nonlegal work and duplicative work. Our review of the bills submitted does not reflect any computative error nor any other abuse of discretion by the trial court in that regard.

Finally, appellants contend that the fees awarded are excessive because they include time associated with a tort claim and Texas precedents preclude such inclusion. Counsel's affidavit attests that no such time was included in their submission. We find no abuse of discretion in the award of attorney's fees.

---

[8] **Missouri v. Jenkins**, 491 U.S. 274 (1989) (interpreting the "reasonable attorney's fee" of 42 U.S.C. § 1988 to include a separate fee for paralegals if that is the prevailing practice in the community).

Appellants also challenge the award of costs generally and the reasonableness of particular costs. They challenge specifically the costs for copying motions for summary judgment and the fee paid an expert. As to the copying costs, Goodyear notes that $0.15 per page has previously been deemed reasonable under 28 U.S.C. § 1920(4), which provides that fees for "copies of papers necessarily obtained for use in the case" may be taxed as costs.[9] Goodyear responds that its five motions for summary judgment addressed the many issues raised by appellants' filings and dealt with multiple parties. As to the expert fee, appellants make a broad contention that the fee is unreasonable. The TCHRA provides that the prevailing party may recover reasonable expert fees,[10] and we are not in a position to question the district court's discretion as to the reasonableness of such fees given only the vague and unsubstantiated contention by appellants. We cannot conclude that the district court abused its discretion in its award of costs.

Concluding that no other argument advanced by appellants has any merit, and for the foregoing reasons, the judgment assessing attorney's fees and costs is AFFIRMED.

---

[9] **Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.**, 931 F. Supp. 474 (S.D. Tex. 1995), *aff'd as modified*, 118 F.3d 245 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 690 (1998).

[10] TEX. LABOR CODE ANN. § 21.259(c).